IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BRYAN BECKER,                           )
                                        ) Civil Action
        Petitioner                      ) No. 08-cv-05274
                                        )
    vs.                                 )
                                        )
FRANKLIN J. TENNIS,                     )
    (SUPERINTENDENT);                   )
THE DISTRICT ATTORNEY OF THE            )
    COUNTY OF DELAWARE; and             )
THE ATTORNEY GENERAL OF THE STATE       )
    OF PENNSYLVANIA,                    )
                                        )
        Respondents                     )

O R D E R

NOW, this 22nd day of June, 2011, upon consideration of the following documents:

    (1) Petition for Writ of Habeas Corpus by a Person in State Custody filed by petitioner Bryan Becker pro se on January 28, 2009[1] (Document 3); together with

        Memorandum of Law in Support of § 2254 Motion, which memorandum was filed by petitioner on November 3, 2008[2] (Document 1);

    (2) Answer to Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, which answer was filed by

---

[1] Although the docket entries reflect that the petition for writ of habeas corpus was filed January 28, 2009, petitioner Bryan Becker indicated below his signature that he executed the petition on January 20, 2009. (See petition at 18.) Pursuant to the prison mailbox rule, this court will consider the date of filing as January 20, 2009. The prison mailbox rule deems a motion to have been filed on the date the petitioner delivered his petition to prison officials to mail. Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1997).

[2] On November 3, 2008, petitioner originally filed his habeas petition on the incorrect form. Pursuant to my Order dated January 14, 2009 directing that petitioner be provided with the proper form, he executed his habeas petition on the correct form on January 20, 2009. Petitioner's memorandum of law was filed with his original habeas petition on November 3, 2008.

>	respondents on November 23, 2009 (Document 10); together with

>	>	Memorandum of Law filed by respondents on November 23, 2009 (Document 10);

> (3)	Reply to Respondent's Claims for 28 U.S.C. § 2254 Habeas Corpus Petition, which reply was filed by petitioner on December 3, 2009 (Document 12);

> (4)	Report and Recommendation of United States Magistrate Judge Timothy R. Rice filed April 26, 2010 (Document 16);

> (5)	Objections to the Report and Recommendation of the Magistrate Judge, which objections were filed by petitioner on May 6, 2010 (Document 17); and

> (6)	Response in Opposition to Objections to Report and Recommendation, which response was filed by respondents on November 1, 2010 (Document 20),

it appearing after review of this matter that Magistrate Judge Rice's Report and Recommendation correctly determined the legal and factual issues presented in the petition for habeas corpus relief,

>	<u>IT IS ORDERED</u> that the objections of petitioner to the Report and Recommendation of Magistrate Judge Rice are overruled.[3]

---

[3]	When objections are filed to a magistrate judge's report and recommendation, I am required to make a de novo determination of those portions of the report, findings or recommendations made by the magistrate judge to which there are objections. 28 U.S.C. § 636(b)(1); Rule 72.1(IV)(b) of the Rules of Civil Procedure for the United States District Court for the Eastern District of Pennsylvania. Furthermore, district judges have wide latitude regarding how they treat recommendations of the magistrate judge. See <u>United States v. Raddatz</u>, 447 U.S. 667, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980).

Indeed, by providing for a de novo determination, rather than a de novo hearing, Congress intended to permit a district judge, in the exercise

(<u>Footnote 3 continued</u>):

---

(Continuation of footnote 3):

of his or her sound discretion, the option of placing whatever reliance the court chooses to place on the magistrate judge's proposed findings and conclusions. I may accept, reject or modify, in whole or in part any of the findings or recommendations made by the magistrate judge. Raddatz, supra.

Petitioner is incarcerated at the State Correctional Institution Rockview in Bellefonte, Pennsylvania, where he is serving a nine- to thirty-year sentence, imposed by the Court of Common Pleas of Delaware County. A jury convicted him of various crimes stemming from his internet communications with law enforcement officials posing as a thirteen-year-old boy, and his arrival at an agreed-upon meeting with the putative boy. (I note that the Report and Recommendation stated at page 2 that petitioner is serving a nine- to thirteen-year sentence, however, the Delaware County Court of Common Pleas Certificate of Imposition of Judgment of Sentence confirms that the sentence is for nine to thirty years.)

Petitioner raises what appear to be two objections to the Report and Recommendation. Each will be addressed in turn. The factual and procedural history underlying petitioner's request for federal habeas relief is well-summarized in the Report and Recommendation at pages 1-5, and is incorporated here.

Petitioner's first objection argues that Magistrate Judge Rice erred in holding that five of petitioner's claims were not exhausted and were procedurally defaulted. Without providing specific argument, petitioner alleges that "several issues" were "properly preserved" in his Post-Conviction Relief Act ("PCRA") petition, and that it is "impossible" for the issues "the Superior Ct. [of Pennsylvania] waived" not to be preserved. (Objections at 1.) Petitioner's second objection appears to contest Magistrate Judge Rice's decision that petitioner's claims for prosecutorial misconduct and ineffective assistance of counsel in relation to the testimony and cross examination of his parole officer are meritless. (Objections at 1.)

Petitioner's first objection is without merit. Magistrate Judge Rice correctly determined that the four claims deemed to be waived by the Superior Court of Pennsylvania on PCRA appeal, and the claim raised for the first time on habeas review, are unexhausted and procedurally defaulted. (Report and Recommendation at 8-10.) I agree with Magistrate Judge Rice's conclusion that petitioner has not shown cause and actual prejudice, or a miscarriage of justice, to excuse the default. See Carpenter v. Vaughn, 296 F.3d 138, 146 (3d Cir. 2002). Accordingly, I overrule the first objection.

Petitioner's second objection is also without merit. Petitioner broadly asserts that Magistrate Judge Rice's decision regarding petitioner's claims for prosecutorial misconduct and ineffective assistance of counsel was "unethical". (Objections at 2.) However, petitioner makes no specific or substantive objections beyond restating the arguments he raised in his habeas petition. In addition, Magistrate Judge Rice properly applied the deferential review required by the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254(d), to the remaining claims raised in petitioner's habeas

(Footnote 3 continued):

-3-

IT IS FURTHER ORDERED that the Report and Recommendation of Magistrate Judge Rice is approved and adopted.

IT IS FURTHER ORDERED that the petition for writ of habeas corpus is dismissed without a hearing.

IT IS FURTHER ORDERED that because petitioner has not met statutory requirements to have his case heard, and no reasonable jurist could find this procedural ruling debatable, and because petitioner fails to demonstrate denial of a constitutional right, a certificate of appealability is denied.

IT IS FURTHER ORDERED that the Clerk of Court shall mark this matter closed for statistical purposes.

BY THE COURT:

/s/James Knoll Gardner
_____
James Knoll Gardner
United States District Judge

---

(Continuation of footnote 3):

petition that were addressed by the state courts on the merits. Accordingly, I overrule the second objection.

I conclude that the remainder of the contentions included in petitioner's objections are nothing more than a restatement of the underlying claims contained in his petition. Accordingly, I do not address those objections. See Morgan v. Astrue, 2009 U.S.Dist. LEXIS 101092, *8 (E.D.Pa. Oct. 30, 2009) (Buckwalter, S.J.). Moreover, upon review of Magistrate Judge Rice's Report and Recommendation, together with de novo review of this matter, I conclude that the Report and Recommendation correctly determines the legal issues raised by petitioner.

Accordingly, I approve and adopt Magistrate Judge Rice's Report and Recommendation, and overrule petitioner's objections to the Report and Recommendation. Moreover, because petitioner has not met statutory requirements to have his case heard, and no reasonable jurist could find this procedural ruling debatable, and because petitioner fails to demonstrate denial of a constitutional right, a certificate of appealability is denied. See 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542, 555 (2000).